**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez**

Civil Action No. 26-cv-2143-RMR

JUAN DANIEL TAGUJA GARCIA,

      Petitioner,

v.

JUAN BALTAZAR, in his official capacity as Warden of the Denver Contract Detention Facility, Aurora, Colorado,
GEORGE VALDEZ, in his official capacity as Field Office Director, Denver Field Office, U.S. Immigration and Customs Enforcement,
TODD LYONS, in his official capacity as Acting Director of Immigration and Customs Enforcement,
MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security,
TODD BLANCHE, in his official capacity as Attorney General of the United States,

      Respondents.

---

**ORDER**

---

Petitioner Juan Daniel Taguja Garcia ("Petitioner" or "Mr. Taguja Garcia") is a 36-year-old citizen of Mexico who entered the United States on a visa on February 2, 2018. ECF No. 1 ¶ 25. In April 2025, Mr. Taguja Garcia was arrested for driving without a license and transferred to immigration custody. *Id.* ¶ 27. He submitted evidence of his relationship to his U.S. citizen fiancée (now wife), his community ties, and certified copies of his complete criminal history, and his U.S. citizen sponsor. *Id.* ¶ 28. On July 28, 2025, Mr. Tagura Garcia was granted bond and, upon release, complied with immigration requirements. *Id.* ¶ 29-32.

On November 24, 2025, Mr. Taguja Garcia was arrested while in the car with his wife. *Id.* ¶ 33. He was in the passenger seat while his wife was driving. *Id.* He was not accused of committing a new offense or violating his conditions of release during the stop. *Id.* Following his arrest, Mr. Taguja Garcia was re-detained in Florida without warning that U.S. Immigration and Customs Enforcement ("ICE") intended to cancel his bond or pre-deprivation hearing. *Id.* ¶ 35. He was then transferred to Colorado, where he received an immigration document dated December 6, 2025 that stated his bond had been cancelled without explanation. *Id.* ¶ 36.

Since his re-detention, Mr. Taguja Garcia has continued to pursue lawful relief. *Id.* ¶ 37. His wife has filed a Form I-130 Petition on his behalf, and he has filed a Form I-485 Application for Adjustment of Status. *Id.* Mr. Taguja Garcia also filed a Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1,[1] seeking immediate release or, in the alternative, an order requiring "Respondents to provide Petitioner an immediate bond-revocation hearing before an Immigration Judge, at which Respondents bear the burden of proving by clear and convincing evidence that materially changed circumstances justify re-detention." *Id.* at 16.

The relief requested by Petitioner and the legal claims and arguments upon which it's premised, are familiar to the Court and the parties. Petitioner contends that he is being improperly subjected to mandatory detention under 8 U.S.C. § 1225(b)(2). This Court previously analyzed the statutory framework and determined that "§ 1225(b)(2) only

---

[1] Respondents filed a Response to the Court's Order to Show Cause, ECF No. 9, and Petitioner filed a Reply, ECF No. 10. Petitioner also filed an Unopposed Motion for Expedited Ruling. ECF No. 11.

applies to noncitizens 'seeking admission' and inspected while trying to enter the country, and not to noncitizens who have lived in the United States continuously for over two years," *Mendoza Gutierrez v. Baltasar*, No. 25-CV-2720-RMR, 2025 WL 2962908, at *5-*9 (D. Colo. Oct. 17, 2025), and joined the chorus of courts in this district and around the nation that have overwhelmingly rejected Respondents' position.[2] *See also Cunha v. Freden*, No. 25-3141-PR, 2026 WL 1146044, at *5 (2d Cir. Apr. 28, 2026) ("In sum, Section 1226(a) plainly applies to noncitizens, like Petitioner, who are present in the United States, but charged as inadmissible for entering the country without inspection and admission."); *id.* at *13 ("[W]e find no basis to justify departing from the unambiguous meaning of the text, under which Petitioner is not subject to mandatory detention, because he is not 'seeking admission' under Section 1225(b)(2)(A).").

Since then, the Tenth Circuit has also spoken and articulated in great detail the reasons why noncitizens "in the country's interior," like Petitioner, are not subject to mandatory detention under § 1225(b)(2). *See generally, Santillan Quiroz v. Mullin*, No.

---

[2] *Compare* ECF Nos. 1, 7 *and e.g.*, *Espinoza Ruiz v. Baltazar*, No. 1:25-cv-03642-CNS, 2025 WL 3294762 (D² Colo. Nov. 26, 2025); *Arauz v. Baltazar*, No. 1:25-cv-03260-CNS, 2025 WL 3041840 (D. Colo. Oct. 31, 2025); *Hernandez v. Baltazar, et al.*, No. 1:25-cv-03094-CNS, 2025 WL 2996643 (D. Colo. Oct. 24, 2025); *Hernandez Vazquez v. Baltasar, et al.*, No. 1:25-cv-3049-GPG, ECF No. 22 (D. Colo. Oct. 23, 2025); *Loa Caballero v. Baltazar, et al.*, No. 1:25-cv-3120-NYW, 2025 WL 2977650 (D. Colo. Oct. 22, 2025); *Pineda v. Baltasar*, No. 25-cv-02955-GPG, 2025 WL 3516291, at *1 (D. Colo. Oct. 20, 2025); *Mendoza Gutierrez v. Baltasar, et al.*, No. 1:25-cv-2720-RMR, 2025 WL 2962908 (D. Colo. Oct. 17, 2025); *Garcia Cortes v. Noem*, No. 1:25-cv-02677-CNS, 2025 WL 2652880 (D. Colo. Sept. 16, 2025); *Carrillo Fernandez*, 2025 WL 3485800; *Garcia-Arauz v. Noem*, No. 2:25-cv-02117-RFB-EJY, 2025 WL 3470902 (D. Nev. Dec. 3, 2025); *Escobar Salgado v. Mattos*, No. 2:25-cv-01872-RFB-EJY, --- F. Supp. 3d ----, 2025 WL 3205356 (D. Nev. Nov. 17, 2025); *Ramos v. Rokosky*, No. 25cv15892 (EP), 2025 WL 3063588 (D.N.J. Nov. 3, 2025); *Godinez-Lopez v. Ladwig*, 2025 WL 3047889 (W.D. Tenn. Oct. 31, 2025); *Jimenez v. FCI Berlin, Warden*, No. 25-CV-326-LM-AJ, 2025 WL 2639390 (D.N.H. Sept. 8, 2025); *Lopez-Campos v. Raycraft*, No. 2:25-CV-12486, 2025 WL 2496379 (E.D. Mich. Aug. 29, 2025); *Romero v. Hyde*, Civil Action No. 25-11631-BEM, 2025 WL 2403827 (D. Mass. Aug. 19, 2025); *Lopez Benitez v. Francis*, No. 25 Civ. 5937 (DEH), 795 F.Supp.3d 475 (S.D.N.Y. Aug. 13, 2025).

26-6019, 2026 WL 1876709 (10th Cir. June 30, 2026). The Tenth Circuit concluded that, "[b]ased on the statutory text and context . . . "§1225(b)(2)(A)'s application is limited to the border." *Id.* at *8. Because Petitioner has resided in the United States and was not detained at the border, he is improperly detained under § 1225.

Accordingly, Respondents are **ORDERED** to provide Petitioner a bond hearing no later than **July 7, 2026**. At the bond hearing, the Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified. If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, he must be immediately released from detention. On or before **July 9, 2026**, Respondents shall file a status report concerning (1) the results of any bond hearing that was conducted or, if no hearing was held, advise the Court of the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required.

## CONCLUSION

For the reasons set forth above, IT IS ORDERED that:

1. The Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED**;

2. The Unopposed Motion for Expedited Ruling (ECF No. 11) is **GRANTED**;

3. Respondents shall provide Petitioner a bond hearing no later than **July 7, 2026**. At the bond hearing, the Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified. If Respondents do not provide

4

Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention; and

4. On or before **July 9, 2026**, Respondents shall file a status report concerning (1) the results of any bond hearing that was conducted or, if no hearing was held, advise the Court of the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required.

DATED: July 2, 2026

BY THE COURT:

_____

REGINA M. RODRIGUEZ
United States District Judge