**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Regina M. Rodriguez**

Civil Action No. 26-cv-2143-RMR

JUAN DANIEL TAGUJA GARCIA,

      Petitioner,

v.

JUAN BALTAZAR, in his official capacity as Warden of the Denver Contract Detention Facility, Aurora, Colorado,
GEORGE VALDEZ, in his official capacity as Field Office Director, Denver Field Office, U.S. Immigration and Customs Enforcement,
TODD LYONS, in his official capacity as Acting Director of Immigration and Customs Enforcement,
MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security,
TODD BLANCHE, in his official capacity as Attorney General of the United States,

      Respondents.

---

## ORDER

---

On July 2, 2026, the Court granted Petitioner Juan Daniel Taguja Garcia's ("Petitioner") Petition for Writ of Habeas Corpus and ordered Respondents to provide Petitioner with a bond hearing no later than July 7, 2026. ECF No. 12 at 4-5. Three days later, Petitioner filed an Emergency Motion for Reconsideration or Clarification of Remedy requesting immediate release or a bond-revocation hearing. ECF No. 13 at 2-3. The Petitioner noted that he was previously released on bond under 8 U.S.C. § 1226(a), and his re-detention under 8 U.S.C. § 1226(b) violated his release conditions. *Id.* at 2. On July 6, 2026, the Court clarified that Respondents "shall provide Petitioner a bond-revocation

hearing no later than July 7, 2026" and that "Respondents will bear the burden of proving, by clear and convincing evidence, that materially changed circumstances arising after the July 28, 2025, bond order justify revocation of the prior release order." ECF No. 14.

The parties filed a Joint Status Report on July 8, 2026, indicating that a bond hearing occurred on July 7, 2026. ECF No. 15. In the filing, the parties included the transcript of the July 7, 2026 bond hearing. *Id.* at 9-12. From the transcript, it appears the bond hearing lasted around seven minutes. *Id.* at 12. Immigration Judge ("IJ") Bobbie Masters asked the Department of Homeland Security ("DHS") attorney for DHS' position on bond. *Id.* at 11 (Transcript 03:50–04:02). The DHS attorney responded that Respondents' position was "danger," in particular Petitioner's prior arrest for DUI. *Id.* (Transcript 04:03–04:30). The DHS attorney stated that Respondents "are, for danger, saying that there was an arrest for DUI" and that "the arrest talks about damage to property with the DUI." *Id.* (Transcript 04:44–05:28). Petitioner's attorney reiterated that the Court's order, stating the Respondents had the burden of "identify[ing] any material changes in circumstances from the July 28, 2025, bond order." *Id.* at 11-12 (Transcript 05:45–06:28). Instead, the DHS attorney raised a DUI arrest that was already addressed within the July 28, 2025 bond order. *Id.* (Transcript 05:45–06:28).

IJ Masters indicated that she would "relook at all the information" and issue a written decision. *Id.* at 12 (Transcript 06:40–07:09). In the Order of the Immigration Judge dated July 8, 2026, IJ Masters stated "[a]fter full consideration of the evidence presented, the respondent's request for a change in custody status is hereby ordered: Granted." *Id.*

2

at 6. Additionally, IJ Masters ordered Petitioner's release from custody under bond of $10,000. *Id.*

On July 10, 2026, Petitioner filed the instant Unopposed Motion to Enforce Court Orders. ECF No. 16. Petitioner argues that Respondents failed to comply with the Court's orders and did not provide the required bond-revocation hearing. ECF No. 16 at 8. Therefore, Petitioner suggests "[t]he appropriate remedy is immediate release on the prior $3,000 bond and prior conditions of release." *Id.* Indeed, IJ Masters Memorandum of Bond Decision and Order states that the basis of DHS' argument, that Petitioner is a "danger to the community based on his January 3, 2025, Driving Under the Influence conviction," was already considered in determining his prior bond. *Id.* at 22. IJ Masters concluded that "DHS has not established, by clear and convincing evidence, that materially changed circumstances have arisen since the July 28, 2025, bond order granting bond." *Id.* Even so, IJ Masters continued by stating: "After considering the totality of the evidence, including Respondent's ties in the United States and potential eligibility for relief from removal, the Court finds that a bond is warranted in this case" and changed the bond amount to $10,000 to ensure Petitioner's "continued participation in his removal proceedings." *Id.*

Petitioner and Respondents agree that IJ Masters did "not clarify (1) the materially changed circumstances that justify revocation of the prior $3,000 bond and (2) the burden of proof applied to the Department." ECF No. 16 at 25 (DHS' Emergency Motion for New Custody Redetermination Hearing). The Court has reviewed (1) the Transcript of the Bond Hearing, dated July 7, 2026; (2) the Order of the Immigration Judge Granting Bond

3

in the Amount of $10,000, dated July 8, 2026; (3) IJ Master's Memorandum of Bond Decision, Dated July 9, 2026; (4) DHS' Motion for New Custody Redetermination Hearing, dated July 8, 2026; and (5) IJ Master's Order denying DHS' Motion, dated July 9, 2026. In her decision, IJ Masters revoked Petitioner's July 28, 2025 bond order by changing Petitioner's release conditions and increasing bond to $10,000. She does not explain the reasons for the revocation of the prior bond, except that the bond amount was to ensure Petitioner's "continued participation in his removal proceedings."

The Court ordered Respondents to provide Petitioner with a bond-revocation hearing no later than July 7, 2026, at which "the Respondents will bear the burden of proving, by clear and convincing evidence, that materially changed circumstances arising after the July 28, 2025, bond order justify revocation of the prior release order." ECF No. 14. IJ Masters explained in her memorandum that Respondents did not meet this burden but continued to revoke Petitioner's July 28, 2025 bond order by revoking his prior bond and release and setting new conditions of release on bond. IJ Masters did not demonstrate reasons for the revocation or any "materially changed circumstances" that would warrant bond revocation. Therefore, the Court agrees with Petitioner and Respondents that Petitioner's bond-revocation hearing did not comply with the Court's orders. Because no evidence of materially changed circumstances has been raised to justify revocation of Petitioner's July 28, 2025 bond order, the Court finds the appropriate remedy is immediate release on the $3,000 bond and release conditions from that prior order. *See Funez Veliz v. Baltazar*, No. 26-CV-01886-NYW, 2026 WL 1493086, at *7 (D. Colo. May 28, 2026) ("[A] noncitizen detained under § 1226(a) is entitled to a bond

4

hearing. But because Petitioner has already received such a hearing and an IJ has determined that bond should be granted, the appropriate remedy is immediate release subject to the same terms imposed by the IJ.").

## CONCLUSION

For the reasons set forth above, IT IS ORDERED that:

1. The Unopposed Motion to Enforce Court Orders (ECF No. 16) is **GRANTED**;

2. Respondents failed to comply with the Court's orders to provide Petitioner with a bond-revocation hearing by July 7, 2026, where Respondents will bear the burden of proving, by clear and convincing evidence, that materially changed circumstances arising after the July 28, 2025, bond order justify revocation of the prior release order;

3. Because Respondents failed to prove, by clear and convincing evidence, that materially changed circumstances arising after July 28, 2025 justified revocation of Petitioner's prior release order, Respondents must immediately release Petitioner on the prior $3,000 bond and prior conditions of release from the July 28, 2025 bond order; and

4. On or before **July 15, 2026**, Respondents shall file a status report certifying compliance as to Petitioner's release and conditions of release.

DATED: July 13, 2026

BY THE COURT:

_____

REGINA M. RODRIGUEZ
United States District Judge